## ROBERT HOWE v. J. G. ARNOLD'S ADM'R.

**Judicial Sale of Real Estate.**

Where the sale of real estate has been confirmed the contract is treated as executed, and no mere contingent incumbrances, such as potential right of dower, can be set up as a defense against the payment of the purchase-money.

**Excess or Deficiency in Acreage Sold at Judicial Sale.**

A purchaser at judicial sale is liable for an excess in the land purchased, but the owner of land sold at judicial sale, not being the vendor, is not liable for a deficit; and for the same reason a creditor for whose debt such land is sold is not liable. In such cases the court is the vendor, and unless the deficiency be such as to authorize the court to set it aside, there appears no ground upon which a purchaser can be relieved on account of a mere deficit, when the land sells for no more than the debt.

### APPEAL FROM KENTON CHANCERY COURT.

March 13, 1880.

OPINION BY JUDGE COFER:

In the great mass of frivolous excuses set up by the appellant in his responses, we have been unable to find more than two that are even plausible.

They are: 1st, That Mrs. Morris has a contingent right of dower in the land; 2d, That the land was sold as containing 32 acres and 78 poles, when it in fact contains but 28¼ acres.

The sale having been confirmed, the contract is to be treated as executed, and no mere contingent incumbrances, such as potential right of dower, can be set up as a defense against the payment of the purchase-money. It was decided in *Dawson v. Goodwin,* 15 B. Mon. 439, that a purchaser at judicial sale is liable for an excess in the land purchased in the same manner as the purchaser at a private sale, but even in that case the court says that the owner of land sold at judicial sale, not being the vendor, is not liable for a deficit, and it seems to us that for the same reason the creditor for whose debt it is sold is not liable. In such cases the court is the vendor; the sale satisfies the debt in whole or in part, and unless the deficiency be such as to authorize the court to set aside the sale, we are unable to see any legal or equitable ground upon which a purchaser can be relieved on account of a mere deficit in the quantity, when the land sells for no more than the debt to satisfy which it was sold.

The judgment must therefore be *affirmed.*

*W. W. Cleary and W. P. D. Bush, for appellant.*
*Fisk & Fisk, for appellee.*